STROUT REALTY, INC., Appellant,

v.

Stephan A. ANDERSON & Judy Anderson, Respondents.

No. WD 37147.

Missouri Court of Appeals, Western District.

Dec. 24, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 28, 1986.

Leonard K. Breon, Warrensburg, for appellant.

Stephan A. Anderson and Judy A. Anderson, pro se.

Before NUGENT, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from the entry of a summary judgment entered in an action seeking recovery of a broker's commission. The judgment is reversed and the cause remanded.

The sole point presented by appellant is that the trial court erred in its entry of summary judgment because there existed a genuine fact issue that the buyer was, at the date of sale, a "prospect" within the terms of the contract between the parties, and the trial court erroneously concluded the contrary.

The applicable facts were developed by deposition and from the argument upon the motion for summary judgment. Those facts are as follows:

Respondents entered into a three-year listing agreement with appellant, Strout Realty, on June 24, 1982. Under the terms of the agreement, Strout agreed to perform certain sales-related services with respect to a commercial property in California, Missouri, which was owned by respondents. Respondents, in turn, agreed that if Strout procured a "ready, willing and able" purchaser, to pay Strout a commission of ten percent of the selling price of the property. The agreement also included the following statement by the respondent seller:

I reserve the right to sell the property to a buyer procured by myself or through another agent and in such case no commission or other charge shall be due you, provided such sale or transfer is not made directly or indirectly to or through your prospect.

The agreement was on a form supplied by Strout Realty.

In August of 1982, Mark Taylor, one of the ultimate purchasers of respondents' property, contacted Strout's agent, Don Yoest, to inquire about a parcel of commercial real estate in Tipton, Missouri. Taylor was searching for a small commercial property for his upholstering business. Yoest described the Andersons' property to Mark Taylor, and took him to see it. Mark Taylor was interested in buying the property and attempted to get a loan to finance the purchase. He spoke with his banker, William Hess, who told him that financing was not available to him. Yoest also called Hess and was told the same thing. Yoest sent a note to the Andersons a few days later to advise them that Mark Taylor was "very interested—going to see his banker." Yoest did not contact Mark Taylor again about respondents' property.

Seven or eight months later, Anderson, who was having difficulty making the payments on his property, contacted his banker, William Hess, and asked him to help find a buyer. Hess called Robert Taylor, Mark's father. Robert Taylor lived across the street from the Anderson property. Hess knew Robert Taylor was looking for a building for Mark's shop. Hess gave Robert Taylor the name of the owner of the property and the Taylors contacted the Andersons. Robert Taylor testified in deposition that he thought he was buying the property directly from the bank, to prevent the bank from foreclosing on the Andersons. He thought that the purchase price was the amount Anderson needed to pay off the loan from the bank on the property. He recalled that he did not meet or speak to Stephen Anderson before the closing. He went by himself to look at the property.

Anderson stated that Robert Taylor called him in March or April of 1983 to inquire about the property. He met Robert and Mark Taylor at Mark's shop to discuss the type of structure Mark needed for his business and the price of Andersons' building. Anderson negotiated directly with Robert Taylor and they arrived at a price of $16,000. Anderson was of the opinion that he was selling the property to Robert Taylor and his wife, not Mark Taylor. The property was purchased with two checks

signed by Robert Taylor. The names of Mark and Mark's wife were added to the deed after Anderson left the closing at the bank.

The only question to be resolved by this court is whether there existed a genuine question of a material fact which would bar the entry of a summary judgment. This court concludes there remains a genuine question of material fact.

In the present case, the parties had requested and had been granted a trial by jury. In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law. Rule 74.04(h).

Summary judgment is a drastic remedy. It must be shown on the record that no genuine issue of fact exists and the record must be viewed in the light most favorable to the party against whom summary judgment is entered. These principles are so deeply rooted in our law that it does not require citation of numerous supporting authorities.

The pivotal question, as the trial court aptly stated in its opinion, is whether Mark Taylor and his wife, and Robert Taylor and his wife were "prospects" as the term is used in the listing agreement.

■ Construction of a contract is ordinarily a matter of law. *National Merchandising Corp. v. McAlpin,* 440 S.W.2d 489, 493 (Mo.App.1969). However, summary judgment is appropriate in contract cases only when the meaning of the portion of the contract in issue is so apparent that it may be determined from the four corners of the document. *Dubinsky Realty, Inc. v. Vactec, Inc.,* 637 S.W.2d 190, 192 (Mo.App. 1982).

■ The term in issue here, (i.e. "prospect") is not defined with the four corners of the contract, nor does the term bear a common meaning or legal definition. Parties to a contract may use a special term having a special meaning if they wish, but if they do, some showing of circumstances surrounding the making of the contract is required to show the special meaning of the term. *Cf. National Merchandising Corp.,* supra.

■ This court concludes that the meaning of the term "prospect" is susceptible to differing constructions, though no opinion as to its proper interpretation is expressed herein. A genuine issue of material fact remains to be determined by the trier of fact, and therefore, summary judgment was not appropriate in this case.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

All concur.